**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Ronald E. THORNSBERRY,**
Respondent.

No. 2011–SC–000352–KB.

Supreme Court of Kentucky.

Oct. 27, 2011.

### OPINION AND ORDER

Ronald E. Thornsberry was admitted to the practice of law in this Commonwealth on October 21, 1994. His Bar Roster address is 2220 Executive Drive, Suite 102, Lexington, Kentucky 40505, and his Bar Membership Number is 85555. Respondent was charged with a number of allegations of misconduct, in KBA File 18423. Respondent had sent a letter of response to the initial complaint filed against him, but subsequently failed to file an answer with the Inquiry Commission. The Board of Governors reviewed the case on default and made its recommendations to this Court. We concur with the Board's recommendations.

The charge against the Respondent stems from his representation of Sandra Smith Bevins in a civil action in Ohio. Respondent was not authorized to practice in Ohio. To file the suit, he associated with another Kentucky attorney who was also licensed in Ohio. Both attorneys signed the complaint with the Respondent listed as lead counsel, Motion *Pro Hac Vice* to be filed.

Respondent never filed said motion, even though he attended a case management conference with the presiding judge, and then went to the office of Ms. Norton D. Roberts, Director of the Hamilton County Court of Common Pleas, Alternative Dispute Resolution (ADR) Office to schedule a mediation. Respondent informed a staff member at said office that he would be filing the Motion *Pro Hac Vice* as required by the local rules, but he never did.

On December 4, 2009, Ms. Roberts of the ADR Office left a voicemail message on Respondent's telephone reminding him that he needed to file the Motion *Pro Hac Vice*. Ms. Roberts left additional messages on Respondent's voicemail asking him to call her on December 4, December 8, December 14, and December 23, 2009. Respondent did not return any of these calls. Again, on January 5, 2010, Ms. Roberts

called Respondent and left a message on his voicemail regarding his lack of response with a warning that she was considering a bar complaint with the KBA for not returning her calls and for not filing the *Pro Hac Vice* motion. Respondent did not respond.

Meanwhile, on or about August 21, 2009, the defendant's attorney had sent the Respondent and local counsel a set of interrogatories and document requests. Defense counsel sent Respondent and local counsel reminder letters on October 15 and November 6, 2009, and again on January 13, 2010. Defense counsel filed a motion to compel on January 21, 2010. Eventually, the client sent the discovery to local counsel, who forwarded it to Respondent, who did nothing.

The client had been having trouble with the Respondent since the action was filed. In late August of 2009, Respondent sent the client a letter stating that he would be scheduling a mediation. The client attempted to call the Respondent in late October or early November of 2009, only to learn that the telephone was disconnected. Local counsel furnished the client with Respondent's cell phone number, but several requests for a status report on her case went unanswered. In early January of 2010, the client discharged the Respondent and requested the return of her file. Respondent did not return the file nor forward it to the new counsel.

A bar complaint was filed against the Respondent on January 25, 2010, by Ms. Roberts, and he filed a response on March 11, 2010. In his response, the Respondent alleged that he *had* prepared and submitted a Motion *Pro Hac Vice* to local counsel and that he would file it with the court when it was signed and scheduled. Local counsel never received said motion. Respondent also represented that he took no action in the case after filing the complaint

in August of 2009, but he had appeared before the presiding judge in a case management conference and tried to schedule a mediation with Ms. Robert's office on November 18, 2009.

Based upon the above facts, the Inquiry Commission issued a Charge with eight Counts against the Respondent on March 23, 2011 (KBA File No. 18423), which was personally served on March 28, 2010. Count I includes Respondent's failure to file a Motion *Pro Hac Vice* and failure to respond to Defendant's discovery requests, and charges Respondent with a violation of SCR 3.130–1.3, which requires a lawyer to "act with reasonable diligence and promptness in representing a client." Count II is based on Respondent's failure to provide his client with information about the status of her case after she made numerous attempts to contact him, a violation of SCR 3.130–1.4(a)(3), which requires a lawyer "keep the client reasonably informed about the status of the matter." Count III is based on Respondent's failure to return the client's numerous phone calls, a violation of SCR 3.130–1.4(a)(4), which requires a lawyer to "promptly comply with reasonable requests for information."

Count IV is based on Respondent's appearing in court without complying with Ohio's rules regarding *pro hac vice* admissions, his continuing failure to file such, and his failure to return Ms. Robert's calls (the Director of the ADR Office) regarding the same, a violation of SCR 3.130–3.4(c), which requires that a lawyer not "knowingly disobey an obligation under the rules of a tribunal. . . ." Count V is based on Respondent's failure to file a Motion *Pro Hac Vice* in the Ohio court, a violation of SCR 3.130–5.5(a), which requires a lawyer "not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction."

Count VI is based on Respondent's failure to return his client's file to her after she terminated his representation, a violation of SCR 3.130–1.16(d), which requires a lawyer return all papers and property of a client upon termination of the representation. Count VII is based on Respondent's initial response to the Bar Complaint, wherein he stated that he had prepared and submitted a Motion *Pro Hac Vice* to local counsel when he had not, as well as his statement that he took no further action in the case after filing the Complaint, when he had attended a case management conference and had tried to schedule a mediation on November 18, 2009. This conduct violates SCR 3.130–8.1(a), which provides a "lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly make a false statement of material fact." Count VIII is based on Respondent's representations to his client and to Ms. Roberts (Director of the ADR Office) that he would be filing a Motion *Pro Hac Vice* and not doing so, a violation of SCR 3.130–8.4(c), which provides: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Respondent failed to timely respond to the Charge[1] and was sent a reminder letter on April 19, 2011. Respondent never filed an answer to the charge. Therefore, the facts as stated by the Inquiry Commission are admitted and the matter proceeded to the Board of Governors by default.[2] The Board of Governors reviewed the record and found the Respondent, by a vote of 19–0, guilty of all eight Counts of the Charge in KBA File No. 18423. After finding the Respondent guilty, the Board considered Respondent's prior discipline—a suspension from the practice of law on March 7, 2011, for failure to pay KBA dues for the July 1, 2010–June 30, 2011 fiscal year. By another vote of 19–0, the Board recommended a thirty-day suspension, attendance at the remedial ethics course, and costs. This Court has not received a notice of review from either party,[3] and declines to issue a notice of review on its own motion.[4] Therefore, this Court adopts the decision of the Board.[5]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Ronald E. Thornsberry, is hereby adjudged guilty as charged in KBA File No. 18423;

2. Respondent is hereby suspended from the practice of law in this Commonwealth for a period of thirty days for said violations, effective as of the date of this Opinion and Order;

3. Respondent shall attend remedial education in the form of the Ethics and Professionalism Enhancement Program presented by the Office of Bar Counsel, and pass the examination given at the end of the program. Respondent will not apply for CLE credit of any kind for his attendance at said Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential. Such release shall remain in effect for one year after completion of the remedial education to verify that Respondent has not reported any of these remedial hours to the CLE Commission; and

1.   *See* SCR 3.200.

2.   *See* SCR 3.210(1).

3.   Permitted by SCR 3.370(8).

4.   *See* SCR 3.370(9).

5.   *See* SCR 3.370(10).

4. Respondent shall pay the costs of these proceedings, in the sum of $322.59, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 27, 2011.

/s/ John D. Minton, Jr.
    CHIEF JUSTICE

