KENTUCKY BAR ASSOCIATION,
Movant,

v.

Ronald A. THORNSBERRY,
Respondent.

No. 2012–SC–000192–KB.

Supreme Court of Kentucky.

May 24, 2012.

## OPINION AND ORDER

The Board of Governors (Board) of the Kentucky Bar Association (KBA) has recommended that Respondent Ronald A. Thornsberry, KBA Member Number 85555,[1] be suspended from the practice of law for 61 days, to run consecutively to his current suspension. Having reviewed the Board's findings of fact and conclusions of law, we now adopt its recommendation.

In November 2008, Respondent was hired to represent a client father in either establishing visitation with the client's minor daughter or terminating his parental rights to her. The client paid a $500.00 retainer fee for this representation. On November 12, 2008, Respondent wrote a letter on behalf of the client to the child's mother, asking her to contact him about this matter. Respondent took no further action on the case.

Respondent did not speak to the client about his case after August 2009, despite the client's multiple letters, messages, and phone calls. On April 8, 2010, the client wrote Respondent a letter regarding Respondent's lack of communication, requesting a refund of the $500.00 fee. After Respondent failed to respond to the letter, the client filed a bar complaint on May 21, 2010.

1. Thornsberry's Bar Roster Address is 2220 Executive Drive, Suite 102, Lexington, Kentucky 40505. He was admitted to practice law in this Commonwealth on October 21, 1994.

The KBA sent the clients bar complaint to Respondent's bar roster address by certified mail, but the letter was returned unclaimed. On September 24, 2010, the Fayette County Sheriff's Department served Respondent with the bar complaint and a letter advising him that the Inquiry Commission required additional information from him. Respondent was served with a reminder letter on January 3, 2011, advising him that failure to respond within seven days would subject him to an additional charge of misconduct; he never responded to the bar complaint.

The Inquiry Commission issued a Charge against Respondent on August 10, 2011. Respondent was served with the Charge on November 2, 2011, but he did not file a response. Pursuant to SCR 3.210 and SCR 3.370(5)(b), the case came before the Board by default.

■ The Board concluded, by a vote of 18–0, that Respondent was guilty of violating the following Rules of Professional Conduct: SCR 3.130–1.3 (lawyer shall act with reasonable diligence and promptness in representing client), SCR 3.130–1.4(a)(3) (lawyer shall keep client reasonably informed about status of a matter), SCR 3.130–1.4(a)(4) (lawyer shall promptly comply with reasonable requests for information), SCR 3.130–1.16(d) (lawyer shall take steps to extent reasonably practical to protect clients interests upon termination of representation), and SCR 3.130–8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

■ In recommending an appropriate sanction, the Board considered Respondent's previous discipline. Respondent was suspended from the practice of law on March 7, 2011 for failure to pay his KBA dues for the 2010–2011 fiscal year. In addition, this Court suspended Respondent from the practice of law for 30 days on October 27, 2011. *Kentucky Bar Ass'n v. Thornsberry*, 354 S.W.3d 526 (Ky.2011). Respondent's conduct in that case included failing to respond to discovery requests, failing to keep his client informed about the status of her case, failing to comply with his client's requests for information, and failing to return his client's file upon termination of representation. *Id.* at 527–28. In addition, Respondent failed to file a motion *pro hac vice* in Ohio, appeared in court in Ohio without complying with its rules regarding *pro hac vice* admission, made representations that he intended to file a motion *pro hac vice* and did not do so, and made false statements in his original response to the bar complaint. *Id.*

The Board, by a vote of 18–0, recommended that Respondent be suspended from the practice of law for 61 days, to run consecutively to his current suspension, and that Respondent pay the costs of this proceeding. No notice of review has been filed by either party, and this Court concludes that it is unnecessary to order review of this case under SCR 3.370(8). Therefore, pursuant to SCR 3.370(9), this Court hereby adopts the decision and recommendations of the Board.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent Ronald A. Thornsberry is adjudged guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–1.16(d)., and SCR 3.130–8.1(b);

2. Respondent is hereby suspended from the practice of law in Kentucky for a period of sixty-one (61) days, to run consecutively to all suspensions currently imposed;

3. Respondent shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and

shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel;

4. Respondent shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5. Respondent shall pay the costs of this proceeding, certified in the amount of $483.48, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
/s/ CHIEF JUSTICE