**KENTUCKY BAR ASSOCIATON,**
Movant

v.

**Ronald E. THORNSBERRY,**
Respondent.

No. 2012–SC–000380–KB.

Supreme Court of Kentucky.

Sept. 20, 2012.

### OPINION AND ORDER

The Board of Governors (Board) of the Kentucky Bar Association (KBA) has recommended that Respondent Ronald E. Thornsberry, KBA Member Number 85555,[1] be suspended from the practice of law for 181 days, to run consecutively to his current suspension. Having reviewed the Board's findings of fact and conclusions of law, we now adopt its recommendation.[2]

June Puckett, the client, hired Respondent in August of 2010 to represent her mother-in-law, Norma Puckett, in a personal injury matter (June Puckett is Norma Puckett's attorney-in-fact). Respondent had discussed the case with his client four or five times, when in February of 2011, Respondent told her that the insurance company wanted to settle the matter. After that conversation, the client never heard back from the Respondent and attempts to contact the Respondent were unsuccessful. After learning Respondent had been suspended from the practice of law on March 7, 2011, for failure to pay his bar dues, the client sent Respondent a letter by certified mail, requesting he return her file. The client received no re-

---

1. Thornsberry's Bar Roster Address is 2220 Executive Drive, Suite 102, Lexington, Kentucky 40505. He was admitted to practice law in this Commonwealth on October 21, 1994.

2. The Respondent failed to file an answer contesting the charges, hence the case was before the Board as a default case.

sponse. The client filed a bar complaint on April 2.8, 2011. Subsequently, the client hired another attorney, to whom Respondent delivered the file on May 12, 2011.

The KBA sent the client's bar complaint to Respondent's bar roster address by certified mail on May 11, 2011, but the letter was returned unclaimed. On July 12, 2011, Respondent was served with the bar complaint by sheriff, along with a letter advising him that the Inquiry Commission required additional information from him, and that failure to respond could result in an additional charge of misconduct. Failing to respond, Respondent was sent (via certified mail) a reminder letter and another copy of the complaint, on August 31, 2011. The letter was returned unclaimed. Respondent was served with the reminder letter and a copy of the complaint by sheriff on November 3, 2011. The letter advised him that failure to respond within seven days would subject him to an additional charge of misconduct, however, he did not respond.

The Inquiry Commission issued a Charge against Respondent on April 3, 2012, which was sent via certified mail to his bar roster address on April 5, 2012. Respondent signed the return receipt indicating that he received the Charge, but he did not file a response. Pursuant to SCR 3.210 the case came before the Board by default.

The Board concluded, by a vote of 18–0, that Respondent was guilty of violating the following Rules of Professional Conduct: SCR 3.130–1.4(a)(3) (lawyer shall keep client reasonably informed about status of the matter), SCR 3.130–1.4(a)(4) (lawyer shall promptly comply with reasonable requests for information), SCR 3.130–1.4(b) (lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), SCR 3.130–1.16(d) (upon termination of representation lawyer shall surrender all paper and property to which the client is entitled), and SCR 3.130–8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from a disciplinary authority).

In recommending an appropriate sanction, the Board considered Respondent's previous discipline. Respondent was suspended from the practice of law on March 7, 2011, for failure to pay his KBA dues for the 2010–2011 fiscal year. In addition, this Court suspended Respondent from the practice of law for 30 days on October 27, 2011. *Kentucky Bar Ass'n v. Thornsberry*, 354 S.W.3d 526 (Ky.2011). Respondent's conduct in that case included failing to respond to discovery requests, failing to keep his client informed about the status of her case, failing to comply with his client's requests for information, and failing to return his client's file upon termination of representation. *Id.* at 527–28. In addition, Respondent failed to file a motion *pro hac vice* in Ohio, appeared in court in Ohio without complying with its rules regarding *pro hac vice* admission, made representations that he intended to file a motion *pro hac vice* and did not do so, and made false statements in his original response to the bar complaint. *Id.* The Board considered the current charges on May 18, 2012, and voted 18–0 for a 181 day suspension consecutive to his current or any subsequent suspensions. However, subsequent to the Board's vote, on May 24, 2012, this Court again suspended the Respondent from the practice of law for 61 days, consecutive to his then current suspension. *Kentucky Bar Ass'n v. Thornsberry*, 365 S.W.3d 559 (Ky.2012). Respondent's conduct in that case included accepting a $500.00 retainer in a child visitation case and not following up on the case or returning the retainer, and not re-

sponding to requests from bar counsel for information.

The Board, by a vote of 18–0, is recommending that Respondent be suspended from the practice of law for 181 days, to run consecutively to his current suspensions, and that Respondent pay the costs of this proceeding. No notice of review has been filed by either party, and this Court concludes that it is unnecessary to order review of this case under SCR 3.370(8). Therefore, pursuant to SCR 3.370(9), this Court hereby adopts the decision and recommendations of the Board.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Respondent Ronald E. Thornsberry is adjudged guilty of violating SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–1.4(b), SCR 3.130–1.16(d), and SCR 3.130–8.1(b);

2.  Respondent is hereby suspended from the practice of law in Kentucky for a period of 181 days, to run consecutively to all suspensions currently imposed;

3.  Respondent shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel;

4.  Respondent shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5.  Respondent shall pay the costs of this proceeding, certified in the amount of $327.57, for which execu-

tion shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 20, 2012.

/s/ <u>John D. Minton, Jr.</u>
　　Chief Justice